

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOHN SANCHEZ

      Plaintiff,

vs.                                     Civil No.

PATENT CONSTRUCTIONS SYSTEMS-           CIV - 05 - 818 JC RHS
HARSCO CORPORATION,

      Defendant.

## HARSCO CORPORATION'S NOTICE OF REMOVAL

Defendant, Harsco Corporation, named in the complaint as "Patent Construction Systems – Harsco Corporation," by and through its counsel of record, Madison, Harbour, Mroz & Brennan, P.A., hereby files this Notice of Removal pursuant to 28 U.S.C. §1441, and in support thereof, states as follows:

1. On or about June 30, 2005, Plaintiff filed a Complaint for Recovery of Damages ("Complaint") against Defendant Patent Construction Systems – Harsco Corporation ("Harsco") in the Second Judicial District, County of Bernalillo, State of New Mexico, Cause No. CV 2005-0537.

2. Harsco received a copy of the Complaint on July 6, 2005.

3. Plaintiff asserts claims against Harsco for serious injuries and damages allegedly resulting from a scaffolding provided by Harsco where the planks and braces gave way on August 15, 2002. *See Complaint at Paragraphs 7, 10, 14, and 15.*

4. Plaintiff alleges damages resulted from Plaintiff falling off the scaffolding and hitting the ground. *See Paragraph 14 of Complaint.*

5. Plaintiff, John Sanchez, claims he was severely injured. *See Paragraph 15 of*

*Complaint.*

6.    Plaintiff alleges he is entitled to compensatory damages as a result of the Defendants' actions along with pre-judgment and post-judgment interest and costs. *See "Wherefore" paragraph of Plaintiffs' Complaint.*

8.    Plaintiff is alleged to be a resident of Albuquerque, New Mexico. *See Paragraph 1 of Plaintiff's Complaint.*

9.    Defendant Harsco is a foreign corporation, formed in Delaware, whose principal place of business is Pennsylvania, and is duly registered to conduct business in the State of New Mexico.

10.    Plaintiff is a corporation authorized to conduct business in New Mexico.

11.    Pursuant to 28 U.S.C. § 1441(b), Defendant Harsco is not a citizen of New Mexico.

12.    Pursuant to 28 U.S.C. §1332(a), diversity of citizenship exists between Defendant and Plaintiff.

13.    Pursuant to 28 U.S.C. §1332(a), the amount in controversy must exceed $75,000.00 exclusive of interest and costs in order to confer federal jurisdiction.

14.    Plaintiff in this is claiming damages based on severe injuries. Upon information and belief, Plaintiff will claim he is totally disabled. On July 5, 2005, Plaintiff filed an arbitration certificate indicating he claims a monetary judgment in excess of $25,000 exclusive of punitive damages, interest, costs and attorney's fees. See attached Exhibit A. Defendant Harsco believes in good faith that the amount in controversy including punitive damages in this lawsuit exceeds $75,000.00, excluding costs and interest. Thus, since the Plaintiff's claims meet

2

both the requirements of 28 U.S.C. §1332(a), diversity and an amount in controversy exceeding $75,000.00, this Court has jurisdiction over the case.

15. Pursuant to this Notice of Removal, all claims asserted against Harsco by Plaintiff on the basis of diversity jurisdiction are conferred upon this Court under 28 U.S.C. §1332.

16. This Court has jurisdiction over all claims in this case pursuant to 28 U.S.C. §1441(b) and/or 28 U.S.C. §1367.

17. This Notice of Removal is being filed within 30 days of receipt of Plaintiffs' Complaint and is timely filed under 28 U.S.C. §1446(b).

18. Copies of all documents filed in the State Court action to date are attached to this Notice as Exhibit A pursuant to 28 U.S.C. §1446(a).

19. A copy of this Notice is being filed contemporaneously in the Second Judicial District, County of Bernalillo, State of New Mexico, pursuant to 28 U.S.C. §1446(d), along with a Notice of Filing Notice of Removal, a copy of which is attached to this Notice as Exhibit B.

20. This Notice of Removal is being served upon Plaintiff on this date pursuant to 28 U.S.C. §1446(d).

21. This notice is signed pursuant to Fed.R.Civ.Proc. 11.

**WHEREFORE**, the removing Defendant, Harsco Corporation, gives notice that the above-styled action, which was pending in the Second Judicial District, County of Bernalillo, State of New Mexico, as Cause No. CV-2005-05037, is removed to this Court.

MADISON, HARBOUR, MROZ & BRENNAN, P.A.

By: _____
Gregory D. Steinman, Esq.
Marisol C. Garcia, Esq.
P.O. Box 25467
Albuquerque, New Mexico 87125-5467
(505) 242-2177

*Attorneys for Harsco Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2005 I served a true and correct copy of the foregoing, via U.S. Mail, postage prepaid to the following:

Donald D. Vigil
100 Fourteenth Street, SW
Albuquerque, New Mexico 87102

-and-

David J. Stout
CARPENTER & STOUT, LTD.
1600 University, NE, Suite A
Albuquerque, New Mexico 87102

*Attorneys for Plaintiff*

_____
Marisol C. Garcia

4

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

ENDORSED
FILED IN MY OFFICE THIS

No. _____

JUN 3 0 2005

**JOHN SANCHEZ,**

    Plaintiff,

CLERK DISTRICT COURT

v.

CV 2005 05037

**PATENT CONSTRUCTION SYSTEMS –
HARSCO CORPORATION,**

DOROTHY MADRID

    Defendant.

## COMPLAINT FOR
### RECOVERY OF DAMAGES

Plaintiff John Sanchez, by and through his undersigned attorneys of record, Carpenter & Stout, Ltd. and Donald D. Vigil, PC, states on his own knowledge or based on information and belief, for his Complaint to recover damages as follows:

### PARTIES AND JURISDICTION

1. Plaintiff John Sanchez is a resident of Bernalillo County, State of New Mexico.

2. Defendant Patent Construction Systems – Harsco Corporation is a New Mexico corporation which at all times relevant to this complaint was licensed to and doing business in New Mexico.

3. The events giving rise to this Complaint occurred in Santa Fe County, New Mexico.


EXHIBIT A

4. This court has jurisdiction over the subject matter and parties to this litigation.

5. Venue is proper in this court.

## GENERAL ALLEGATIONS

6. Plaintiff realleges, and hereby incorporates by reference, the allegations contained in paragraphs 1 through 5.

7. On or about August 15, 2002, Plaintiff was an employee of Klinger Construction Company and working on a job site in Santa Fe, New Mexico.

8. The construction project was the National Dance Institute.

9. The work on that day required Plaintiff to perform certain work on scaffolding provided by Defendant to Klinger Construction Company.

10. The scaffolding provided by Defendant included bracing and pins used to secure the bracing in place.

11. The braces were used to maintain the stability of the scaffolding when in use.

12. Plaintiff and other employees of Klinger Construction Company raised the level of the scaffolding to eight feet, by adding additional scaffolding and bracing.

13. Wooden plank were then placed on top of the scaffolding to provide the work platform.

14. Plaintiff ascended the scaffolding and began working. The planks and braces gave way and Plaintiff fell to the ground.

15. Plaintiff was severely injured.

16. Defendant was the supplier of the scaffolding including the braces and the pins.

17. Defendant supplied scaffolding, braces and pins that posed an unreasonable risk of injury when used for their intended purpose.

18. Defendant owed Plaintiff a duty of reasonable care to provide scaffolding, braces, and pins that were safe for their intended use.

19. Defendant breached that duty.

20. As a direct and proximate cause of Defendant's breach of duty Plaintiff suffered serious injuries and damages.

21. Defendant knew or through the exercise of reasonable care should have known that the scaffolding, braces and pins as supplied posed an unreasonable danger to persons such as Plaintiff.

22. Defendant failed to exercise reasonable care to inform users of the scaffolding, braces and pins as supplied of either the potential danger or of the facts concerning the scaffolding, braces and pins which created the likelihood of danger.

23. As a direct and proximate cause of Defendant's failure to identify and warn of the potential danger, Plaintiff suffered serious injuries and damages.

**WHEREFORE**, Plaintiff requests this Court to enter a Judgment and relief as follows:

   a.   For compensatory damages in an amount to be proved at trial and as fully provided by New Mexico law;

   b.   For the costs of this suit;

3

  c. For Pre-Judgment and Post-Judgment interest; and

  d. For such other and further relief as the Court may deem appropriate.

       DONALD D. VIGIL, P.C.

       By: _____
       Donald D. Vigil
       100 Fourteenth Street, SW
       Albuquerque, NM 87102
       Tel.: (505) 247-2020

       -and-

       CARPENTER & STOUT, LTD.
       David J. Stout
       1600 University, NE, Suite A
       Albuquerque, NM 87102
       Tel.: (505) 243-1336

       **ATTORNEYS FOR PLAINTIFF**

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

No. _____ 05037

JOHN SANCHEZ,

    Plaintiff,

v.

PATENT CONSTRUCTION SYSTEMS –
HARSCO CORPORATION,

    Defendant.

## SUMMONS
### THE STATE OF NEW MEXICO

TO: PATENT CONSTRUCTION SYSTEMS
    HARSCO CORPORATION
    c/o The Corporation Company
    123 East Marcy
    Santa Fe, NM 87501

GREETINGS:

You are hereby directed to serve a pleading or motion in response to the first amended complaint within thirty (30) days after service of this summons, and file the same, all as provided by law.

You are notified that, unless you serve and file a responsive pleading or motion, the plaintiff will apply to the court for the relief demanded in the complaint.

Attorney or attorneys for plaintiff:

| | |
|---|---|
| Donald D. Vigil | David J. Stout |
| Donald D. Vigil, P.C. | Carpenter & Stout, Ltd. |
| 100 Fourteenth Street, SW | 1600 University, NE, Suite A |
| Albuquerque, NM 87102 | Albuquerque, NM 87102 |
| (505) 247-2020 | (505) 243-1336 |

    WITNESS the Honorable _____, district judge of the second judicial district court of the State of New Mexico, and the seal of the district court of said County, this ~~JUN 3 0 2005~~, 2005.

                        JUANITA M. DURAN
                        Clerk of the District Court

(S E A L)

                        By _____
                                  Deputy

**RETURN**

STATE OF _____ )
                              ) ss.
COUNTY OF _____ )

    I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served the within Summons in said County on the _____ day of _____, 2005, by delivering a copy thereof, with a copy of Complaint attached, in the following manner:

(Check one box and fill in appropriate blanks)

[ ]    to Defendant _____ (used when Defendant receives copy of Summons or refuses to receive Summons)

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, who at the time of such service was absent therefrom.

[ ]    by posting a copy of the Summons and Complaint in the most public part of the premises of Defendant _____ (used if no person found at dwelling house or usual place of abode).

[ ]    to _____, an agent authorized to receive service of process for Defendant _____.

[ ]    to _____ (parent) (guardian) of Defendant _____ (used when Defendant is a minor or an incompetent person).

[ ]    to _____ (name of person), _____ (title of person authorized to receive service) (used when Defendant is Corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

**FEES:**

_____
Signature of Person Making Service

_____
Title (if any)

\* Subscribed and sworn to before me
this _____ day of _____, 2005.

_____
Judge, Notary or Other Officer
Authorized to Administer Oaths

2

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

ENDORSED
FILED IN MY OFFICE THIS

JUL 0 5 2005

*Juanita M. Duran*
CLERK DISTRICT COURT

JOHN SANCHEZ,

    Plaintiff,

vs.                                         CV 2005-05037

PATENT CONSTRUCTION SYSTEMS -
HARSCO CORPORATION,

    Defendant.

### CERTIFICATION; LR2 COURT ANNEXED ARBITRATION

Plaintiff, pursuant to Local Rule 2-603 of the Second Judicial District Court, hereby certifies that the relief she claims is a money judgement that does exceed $25,000 exclusive of punitive damages, interest, costs and attorney fees. Plaintiff does not seek relief other than a money judgement.

                      Respectfully submitted,

                      Donald D. Vigil
                      Attorney for Plaintiff
                      100 Fourteenth St. S.W.
                      Albuquerque, NM 87102
                      (505) 247-2020

